*635 OPINION.
Littleton:
The first question is whether petitioner is entitled to a deduction of $27,790.32 on account of certain losses sustained by a corporation of which he was president. The record shows that these losses were suffered by the corporation in 1923 through the failure of petitioner to perform certain duties imposed upon him as an officer of the corporation; th%t in 1923 petitioner accepted responsibility for these losses and agreed to do whatever the board of directors wished in connection therewith; and that in 1923 the board of directors passed a resolution to the effect that petitioner should reimburse the corporation for these losses, that the amount in question should be charged to his account and remain an indebtedness to the corporation until paid. Petitioner was present when the fore *636 going resolution was passed and agreed to comply with its terms. The record is silent as to when this amount was paid, if at all. The only information we have as to the basis on which the petitioner kept his books is the testimony of petitioner’s bookkeeper, who stated that he thought they were kept on the cash basis. The Commissioner disallowed any deduction in 1923 on account of these losses, and upon the record as made we are unable to say that this action was erroneous.
The next issue relates to a margin-trading account conducted by a broker on behalf of the petitioner from December, 1921, to and including July, 1923. During this period purchases and sales were being made, but apparently petitioner did not know until July, 1923, whether he had been making profits or sustaining losses on the various transactions" which had been carried out for him. While these dealings were conducted through a friend of the petitioner, the account was carried on the brokers’ books in the name of the petitioner. In some instances, collateral was put up while in others it was not. In 1923, petitioner was notified that as a result of these transactions from 1921 to 1923, he was indebted to the brokers to the extent of $15,165.72, which amount petitioner accordingly paid, and now claims the entire amount as a deduction on his 1923 return. The Commissioner allowed only a part of this loss as a deduction in 1923. Whether petitioner’s books were kept on cash or accrual basis, we can not hold that the results of the operations from 1921 to 1923 may be accounted for in 1923 when the petitioner decided to discontinue his speculative operations. The statute provides that “ net income shall be computed upon the basis of the taxpayer’s annual accounting period ” and the accounting period adopted by the petitioner was a calendar year ending December 31. The schedule of securities bought and sold shows that at least during 1922 and 1923 there were closed transactions with respect to various securities which would afford a basis for reporting income or claiming a deduction on the petitioner’s return for these accounting periods. The fact that the petitioner’s friend and the brokers did not advise the petitioner of the status of these operations until the petitioner decided to end these speculative ventures does not alter the fact that the transactions were being carried out on behalf of the petitioner by his agent, and that the profits which were realized and losses which were sustained, were profits and losses of the petitioner and not those of some one else. The Commissioner allowed a part of the losses in question in 1922 and a part in 1923. The record does not show that the amount allowed for 1923 was erroneous and, accordingly, this action is sustained.
Reviewed by the Board.

Judgment wild be entered for the respondent.